**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.         **CRIMINAL NO. 3:07-CR-94-ALL**
           **(Judge Bailey)**

**JOSHUA BERKEY and**
**LINDA WILHELM,**

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO SUPPRESS

Pending before this Court is the Report and Recommendation (Doc. 50) issued by Magistrate Judge David J. Joel on February 29, 2008. This Court, having reviewed Defendant Berkey's Motion to Suppress the Evidence and Dismiss the Indictment (Doc. 37), the Motion to Suppress (Doc. 38) filed on behalf of defendant Wilhelm, the Report and Recommendation, Defendant Berkey's Objections to the Report and Recommendation regarding his Motion to Suppress and Dismiss (Doc. 52), the Objections to Magistrate Judge's Report and Recommendation (Doc. 55) filed on behalf of defendant Wilhelm, the United States' Response to Defendants' Objections to the Report and Recommendation Regarding Motion to Suppress (Doc. 59), and the transcript of the evidentiary hearing before Magistrate Judge Joel, does adopt the Report and Recommendation for the following reasons:

The motions to suppress emanate from an arrest and subsequent search occurring

1

on February 21, 2007.  On that day, law enforcement officers were seeking to execute an arrest warrant for Gabriel "Ziggy" McGuire, a fugitive wanted for armed robbery.  Among the leads that the officers were pursuing was information that led them to believe that McGuire might be at 513 Railroad Drive in Martinsburg.

The officers knocked on the door at 513 Railroad Avenue and were met at the door by Diana Wilhelm.  When the officers asked Ms. Wilhelm whether she was Paula McDonald, whom they expected to be the resident of the property, Diana Wilhelm answered in the negative.  The officers then asked whether Ziggy McGuire was present in the home.  Diana Wilhelm stated that he was not present, but the officers, based upon their previous experience that occupants of a dwelling often deny the presence of someone for whom they are searching, asked if they could take a look around.  Diana Wilhelm moved out of the doorway, allowed the officers to enter, and consented to the search.  Trooper See of the State Police described Diana Wilhelm's attitude as polite and cooperative.

According to Trooper See, Diana Wilhelm told him that it was a one story dwelling.  When the officers arrived in the rear of the dwelling, they noted a stairway leading to a second floor.  While this was occurring, Deputy Marshal Stump described Mr. McGuire to Diana Wilhelm and one of her daughter's.  By strange coincidence, both Ziggy McGuire and defendant Joshua Berkey have a tattoo under their eyes.  After providing them with the description, Deputy Marshal Stump was informed that the person for whom the were searching was in the upstairs of the dwelling.  Deputy Marshal Stump joined the other officers and informed them that McGuire was upstairs.

As the officers were proceeding up the stairs, they were met by Lindsay Wilhelm, in a highly agitated state.  Lindsay Wilhelm informed the officers that if they did not have

2

a warrant, they should leave the premises. Despite Lindsay Wilhelm's protestations, the officers proceeded upstairs where they found Joshua Berkey. Mr. Berkey refused to come out of the closet where he was hiding, and when he was finally flushed from the closet, he was arrested for obstruction. The officers then realized that the person whom they had apprehended was not Ziggy McGuire, but due to the obstruction and his initial providing of a false name to the officers, Mr. Berkey was arrested.

Incident to the arrest, the officers conducted a cursory search of the room where Mr. Berkey was apprehended. The search revealed two (2) firearms between the mattress and box springs; both had rounds in the chamber. The firearms were not seized. Rather, officers then secured the premises, while a search warrant was obtained. After the warrant was obtained, a full search revealed quantities of crack cocaine and hydromorphone, three firearms (one of which had the serial number ground off), and quantities of ammunition.

The officers later learned that Joshua Berkey was a convicted felon and a fugitive from justice.

The defendants have raised several grounds in support of their motions to suppress. The first ground is that Diana Wilhelm was not the lessee on the lease from the premises, and therefore could not give valid consent to the search. The evidence at the hearing established that she had moved in with her daughter Lindsay in October of 2006. She was clearly a "co-inhabitant" of the property. In **Georgia v. Randolph**, 547 U.S. 103, 110 (2006), the Supreme Court reiterated that "any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched," citing **United States v. Matlock**,

415 U.S. 164, 171 (1974).

Furthermore, valid consent may be given by a "co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant." **Randolph,** supra, at 109, citing **Illinois v. Rodriguez**, 497 U.S. 177, 186 (1990).

As a co-inhabitant of the property, Diana Wilhelm was able to give valid consent to a search of the premises.

The defendants next contend that **Georgia v. Randolph** stands for the proposition that consent, once given, may be withdrawn by another occupant of the premises. This Court does not read the case so broadly. **Randolph** dealt with the reasonableness of police entry in reliance on consent by one occupant in the face of immediate challenge by another. The **Randolph** Court noted that it was drawing a fine line, stating that "if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenants permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out." 547 U.S. at 121.

Once the officers validly entered the property, had good reason to believe that a fugitive armed robber was in the premises, and had reason to believe that the fugitive was aware that they were there, exigent circumstances existed to continue the search regardless of Lindsay Wilhelm's attempt to withdraw the valid consent. While defendants argue that the police could have withdrawn and sought a warrant, such a move could have resulted in a hostage situation or posed danger to the officers.

This Court finds the cursory search after the arrest to be proper. Upon locating the

firearms, the officers obtained a search warrant, which was properly issued and executed.

For the reasons stated above, this Court adopts the Report and Recommendation of the Magistrate Judge (Doc. 50). Defendant Berkey's Motion to Suppress the Evidence and Dismiss the Indictment (Doc. 37) and the Motion to Suppress filed on behalf of defendant Wilhelm (Doc. 38) are **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit certified copies of this Order to the defendants and all counsel of record.

**DATED**: April 4, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE